# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANN EDWARDS<br>    Plaintiff | :<br>:<br>:   NO. 1:18-cv-2398 |
| V. | :<br>: |
| PENNSYLVANIA HUMAN<br>RELATIONS COMMISSION<br>    Defendant | :<br>:<br>: |

## JOINT CONFIDENTIALITY AGREEMENT

The parties to this action, Plaintiff JoAnn Edwards ("Plaintiff") and Defendant Pennsylvania Human Relations Commission ("Defendant") by their respective counsel, hereby agree as follows:

1. Defendant and Plaintiff stipulate that the litigation in the above-captioned matter will involve discovery of confidential information about current and/or former employees who are not parties to this litigation and may concern other matters of a sensitive nature coming before Defendant.

2. Defendant and Plaintiff agree that the above-identified confidential information has value only to the parties in this matter, and that the public has no interest in such information.

3. Defendant and Plaintiff agree that the misuse or unnecessary dissemination of the above-identified confidential information could violate the privacy of third parties and cause undue embarrassment to current and/or former employees and/or other members of the public.

WHEREFORE, Defendant and Plaintiff hereby stipulate and agree, for the above stated reasons, as follows:

1. Defendant and Plaintiff may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 2, 3, and 4. Such designation

shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

2. Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by Defendant and Plaintiff by stamping the words "CONFIDENTIAL" on the face of the writing. Alternatively, a party may designate any writing as "CONFIDENTIAL" by identifying such document(s) by Bates Stamp number and designating it/them as "CONFIDENTIAL" in a cover letter addressed to the opposing party's counsel and accompanying the production of such document(s).

3. Defendant and Plaintiff may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter. Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given or with any document filed with the Court in this case, it shall be so marked.

4. Defendant and Plaintiff may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

5. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked. Any party to this litigation shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith

to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule.

6. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or officers or employees of the respective parties who have a reasonable business need to review such documents, testimony, information or material; and

(d) Witnesses and potential witnesses identified through discovery who have a reasonable need to review such documents, testimony, information, or material for purposes of this litigation.

7. "CONFIDENTIAL" documents, testimony, information, or material shall not be disclosed to any witness, potential witness, expert, or consultant (as defined in paragraphs 6(b) and 6(d)), or to any officer or employee (as defined in paragraph 6(c)) of the opposing party, unless and until such person has signed and returned to counsel for the party with whom the witness or potential witness, expert, or consultant is working, a written agreement that he/she agrees to be bound by the terms of this Confidentiality Agreement. *See* Exhibit A.

8. No party shall, for herself or itself or for any person or persons acting on her or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

9. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

10. If any party believes that any document designated as confidential does not contain Confidential Material as defined in paragraph 1, such party may contest the applicability of this Stipulation to such document by stating in writing to the designating party the basis for challenging the designation of each such document as confidential. This communication shall be treated as a confidential document and the limitations on disclosure contained in this Stipulation shall apply to any such letter or other communication(s) related to discussions between the parties as to the confidentiality of any document.

11. Upon receipt of such written notification, the parties shall make a good faith attempt to resolve the challenge. In the event the parties cannot resolve the disagreement, the party objecting to confidentiality shall have ten (10) days following termination of such negotiations in which to make a motion for an adjudication with respect to any such document.

12. The burden rests on the party asserting the confidential nature of information to demonstrate that such designation is improper. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Confidentiality Agreement.

13. Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial in this matter, she or it shall meet with counsel for the

opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

14. Upon final conclusion of this litigation, each party shall be under an obligation to assemble and to destroy all originals and unmarked copies of documents and things containing "CONFIDENTIAL" material received from any other party and to destroy, should such source so request, all copies of "CONFIDENTIAL" material that contain and/or constitute attorney work product as well as excerpts, summaries and digest revealing CONFIDENTIAL material received from any other party; provided, however, that counsel may retain a complete copy of all materials for archival purposes, subject to the provisions of this Confidentiality Agreement. Upon request, the destroying party shall certify in writing compliance with this Section.

15. This Confidentiality Agreement may be modified or amended by agreement of the parties for good cause shown.

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

By: _____  
Patrick G. Murphy, Esquire  
Murphy & Associates  
640 Sentry Parkway, Suite 100  
Blue Bell, Pa 19422  
*Attorneys for Plaintiff*

Date: 12-2-19

By: _____  
Allison L. Deibert, Esquire  
Deputy Attorney General  
Office of Attorney General  
15th Floor, Strawberry Square  
Harrisburg, PA 17120  
*Attorney for Defendant*

11-19-2019

**Approved and so Ordered**

By: /s/ Christopher C. Conner  
                                C. J.

Date: December 3, 2019

# EXHIBIT A

## Designation of Individual As Covered By Section 6(b) Through 6(d) Of The Joint Confidentiality Agreement

I, _____, have been designated by counsel for _____ to review confidential information as defined in the parties' Joint Confidentiality Agreement. I have reviewed the document and I agree to be bound to the terms and conditions contained therein and the jurisdiction of the Court.

Signature:_____

Printed Name:_____

Dated: _____